THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17CR64- |
| | § | |
| CHARLIE GUSTAVO HUERTA(1), | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On October 16, 2017, the Court held a hearing on Defendant Charlie Gustavo Huerta's Motion to Suppress (Fourth Amendment) (Dkt. 19), the matter having been referred to the undersigned by the Honorable Amos L. Mazzant, III (*see* Dkt. 20). The Government filed a response in opposition. *See* Dkt. 26. Defendant Huerta challenges the search of Room 209, at Motel 6, in Plano, Texas, on September 23, 2016.[1] *See* Dkt. 19 at 4.

Defendant Huerta seeks to suppress "any and all evidence of any firearms, ammunition, currency, cell phones, drugs, and documentary evidence found in Room 209 during the search or searches" and "seeks to suppress all fruits and evidence derived from any use whatsoever of the items discovered and taken during the search or searches." *See* Dkt. 26 at 1-2.

Having considered the motion to suppress, the response, and the arguments of counsel at the hearing, the Court recommends the motion (Dkt. 19) be **DENIED**.

**EVIDENCE PRESENTED**

At the hearing, the Government offered the testimony of Plano Police Department ("PD") Officer Camille Bowie ("Officer Bowie") and DEA Task Force Officer Matt Quillen ("Officer

---

[1] Defendant was a registered guest at the time of the search. *See* Dkt. 19.

1

Quillen"), as well as Plano PD Officer Merrit ("Officer Merrit") and Plano PD Detective Jake Wicker ("Detective Wicker").

Officer Bowie testified that Plano PD frequently receives reports about drug and other criminal activity at the Motel 6 in Plano, Texas, on Central Expressway, and further testified she was dispatched to the same Motel 6 in response to a call from hotel personnel that while cleaning Room 209, the housekeeping staff found drugs and a gun. Officer Bowie testified that upon arrival, she spoke with hotel management, whom she knew on a first-name basis, regarding the information reported to management by the cleaning staff and conveyed to the Plano PD. According to Officer Bowie, hotel management identified the person who was presently renting Room 209 as Defendant.

Officer Bowie testified that after speaking with hotel management, she went to Room 209, at which time the door was open and housekeeping was still cleaning the room. Officer Bowie testified that she could not see the entire room from the doorway, and thus, entered the room, instructed housekeeping to leave, and conducted a protective sweep of the room for the purposes of her own safety, as well as the safety of the public, and to ensure the preservation of evidence. According to Officer Bowie, the protective sweep lasted no more than two minutes, and a clear blue baggie with white powder was in plain view on the desk. Officer Bowie further testified that, based on her training and experience, the plastic baggie was of the type commonly used for illegal narcotics, including cocaine. Photos of the room prior to the search warrant being issued were admitted as Government Exhibits 1-6. *See* Dkt. 30. Officer Bowie testified that after she completed her protective sweep, she exited the room and contacted the narcotics detective on call to report her findings. Officer Bowie testified that she waited outside of Room 209 until the narcotics detective arrived.

According to Officer Bowie's testimony, while she was waiting for the narcotics detective to arrive, Defendant arrived at the Motel 6 in a Gray Toyota Corolla. Officers made contact with Defendant, who confirmed he was staying in Room 209, and referred to himself as a "lone wolf." Officer Bowie ran a check on Defendant's driver's license and determined that he had several outstanding warrants and traffic violations from various jurisdictions (including McKinney and Allen). When asked if he had "anything illegal" in his vehicle, Defendant replied that he had a gun. He initially told officers the gun was under the driver's seat, but subsequently told officers the gun was on the right rear passenger floorboard, at which point officers observed the gun in plain view.

Officer Merrit, who was also present at the scene, corroborated Officer Bowie's testimony regarding the retrieval of the firearm from Defendant's vehicle.

Detective Wicker testified about the preparation of the search warrant and affidavit in support, a copy of which was admitted as Government's Exhibit 7. *See* Dkt. 30.

Officer Quillen testified regarding the execution of the search warrant. During the search, a black and white backpack was located inside the closet of Room 209. The backpack contained clear blue and yellow plastic baggies, most containing a white powdery substance believed to be cocaine. Crack cocaine was also located along with a handgun. The Government offered into evidence additional photos of the room. After Defendant objected, the Government explained that the additional photos were being offered to establish that the bag containing the drugs and handgun was not disturbed prior to the search authorized by the warrant. Defendant's objection was overruled, and the photographs were admitted as Exhibits 8-21. *See* Dkt. 30.

Defendant did not present any evidence to the Court.

## ANALYSIS

Defendant Huerta seeks to suppress "any and all evidence of any firearms, ammunition, currency, cell phones, drugs, and documentary evidence found in Room 209 during the search or searches" and "seeks to suppress all fruits and evidence derived from any use whatsoever of the items discovered and taken during the search or searches." *See* Dkt. 26 at 1-2. Defendant contends that the protective sweep conducted by law enforcement exceeded permissible bounds of a protective sweep in that there was no arrest and the protective sweep was an actual search that went beyond looking for dangerous persons. *Id.*

Based on the information provided by Motel 6 staff, law enforcement had reasonable suspicion that the room contained illegal narcotics and a gun. The Court finds that under the circumstances, Officer Bowie's decision to enter the room to secure it, to ensure no one was hiding in the room and to preserve evidence, was prudent and lawful. In conducting the protective sweep, Officer Bowie had to walk past a desk, where the blue plastic bag with a white powdery substance was in plain view, which the Court finds was, by itself, sufficient to obtain a search warrant. Furthermore, although the black and white backpack believed to contain additional narcotics and a gun was observed inside the closet, exactly as motel staff described, no physical search of the backpack was conducted until the warrant was obtained, after which the room was searched and the narcotics and gun were discovered in the backpack exactly as described by the hotel employees.

The Court also finds no constitutional violation in the discovery of the gun in Defendant's vehicle. Defendant was identified by a hotel employee as the occupant of Room 209, and he confirmed that he was the lone occupant when officers questioned him. Further, when asked if he had "anything illegal" in his vehicle, Defendant admitted that there was a firearm. The firearm was visible in the rear passenger floorboard. Therefore, the Court finds the vehicle search was

conducted lawfully. Officers had reasonable suspicion to believe that Defendant was engaging in illegal activity, specifically, possession and distribution of cocaine, crack cocaine; and possession of a firearm in furtherance of a drug offense. Based on the credible information, officers obtained a lawful search warrant and secured the illegal contraband.

Moreover, even if probable cause had been insufficient here—which the Court finds that it was not—the Court finds that law enforcement acted in good faith reliance on the search warrant authorized by a Plano Municipal Judge. Under the good faith exception to the exclusionary rule, evidence is admissible if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate judge. *United States v. Leon*, 468 U.S. 897, 927-28 (1984). Nothing in the record and nothing presented to the Court indicates that any of the information contained in the affidavit was deliberately false or misleading. There is no showing of bad faith by any law enforcement officer connected to this case. Therefore, the evidence should not be suppressed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant Charlie Gustavo Huerta's Motion to Suppress (Dkt. 19) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions

accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 25th day of October, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE